KATHRYN E. AUDLEY, Plaintiff, *v.* THOMAS H. AUDLEY, Defendant.

(Supreme Court, Bronx Special Term, May, 1920.)

Domestic Relations Law, § 5(3) — when motion for judgment on the pleadings denied — divorce — marriage.

The omission of the term "half blood" from section 5(3) of the Domestic Relations Law shows that the prohibition therein contained is not extended to relatives of the half blood.

Therefore, in a wife's action for divorce, it is no defense that the parties are niece and uncle of the "half blood" and defendant's motion for judgment on the pleadings on the ground that the marriage was incestuous and void under section 5(3) of the Domestic Relations Law, will be denied.

MOTION for judgment on the pleadings.

Austin & Abruzzo, for motion.

Herbert J. Cuskley, opposed.

MITCHELL, J. This is a motion by defendant for judgment on the pleadings. The action is brought by the wife for absolute divorce on the ground of adultery. The plaintiff alleges that she was married to the defendant on September 25, 1904, and that thereafter, at various specified times from January, 1914, to the present time, her husband, the defendant, has committed adultery. The other necessary allegations are also made. The defendant has answered, one defense being a general denial, and in his answer he sets up a further and separate defense, alleging that the marriage between the plaintiff and defendant was incestuous and void. The facts as to the relationship between the plaintiff and defendant are set forth in full, from which it appears that Frank Audley, the father of the plaintiff, and this defendant, Thomas H. Audley, are half brothers, having the same father but born of different mothers. So that the plaintiff and defendant are niece and uncle, but of the half blood, as her father and the defendant were only half brothers. The plaintiff has served a reply admitting the relationship of the parties. If the marriage of the plaintiff and defendant was incestuous, as within the prohibitions of the Domestic Relations Law, it was and is void. In determining this question the court cannot consider the fact that the defendant has not presented the ques-

tion to the court until sixteen years after the marriage, and only now, when his wife asks for an absolute divorce on the ground of adultery. But it must be determined solely upon a construction of subdivision 3 in paragraph 5, article 2, of the Domestic Relations Law, constituting chapter 14 of the Consolidated Laws of the state of New York. Paragraph 5 provides that a marriage is incestuous and void between either (1) an ancestor and a descendant, (2) a brother and sister of either the whole or the half blood, (3) an uncle and niece or an aunt and nephew. The defendant contends that the 3d subdivision applies to an uncle and niece of the whole or half blood, and the plaintiff insists that no additional words can now be added to that subdivision so as to broaden its meaning. This 3d subdivision including uncles and nieces within the prohibited degrees was added to the statute in the year 1893. No case in the courts of this state has been called to my attention construing this subdivision. The cases cited from other states are based upon the wording and phrasing of the statutes of those states and should not be controlling in this case. When the original statute, section 5 of the Domestic Relations Law, was enacted, it contained only the prohibition against marriage between ancestor and descendant and between brother and sister of the whole or half blood. With this prohibition of marriage between brothers and sisters of the whole and half blood before them, the legislature in 1893 added a third prohibition, namely, marriage between uncle and niece or aunt and nephew, and made this the 3d subdivision of paragraph 5. A disregard of the provisions of paragraph 5 subjects the parties to a fine and imprisonment as well. The omission of the term " half blood " in this 3d subdivision plainly shows that they were not to be included. Since the legislature considered it necessary

to include the half blood specifically in subdivision 2 relating to brothers and sisters, their failure to do it in enacting the 3d subdivision referring to uncles and nieces makes it evident that the prohibition was not to extend to the half blood. In construing this addition to the statute in 1893, we do not consider what legislation along those lines should be enacted, but simply the legal effect of such prohibitions as have been already placed upon the statute books. The motion of the defendant for judgment on the pleadings is, therefore, denied.